IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 1:14-CR-188 |
| | ) | |
| CREDIT SUISSE AG, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**MEMORANDUM OF CREDIT SUISSE AG
REGARDING BOARD OF DIRECTORS RESOLUTION**

Pursuant to this Court's Order dated May 23, 2014, Credit Suisse AG ("Credit Suisse" or "the Bank") files this Memorandum Regarding the Board of Directors Resolution authorizing a corporate representative to execute the plea agreement and appear on behalf of the Bank in connection with the plea proceeding on May 19, 2014. As discussed below, in a meeting on May 18, 2014, the Bank's Board of Directors resolved to authorize a Credit Suisse managing director to act on behalf of the Bank to execute the plea agreement with the government and to appear at the plea proceeding and enter a plea of guilty to the one-count Information. To evidence the existence and substance of the board resolution, the Bank's corporate secretary, Pierre Schreiber, signed a Limited Certificate of Corporate Resolution certifying (1) that he was the duly elected, qualified and acting corporate secretary of the Bank, (2) that the recited resolution was an accurate copy of the resolution adopted at the board meeting, and (3) that the resolution remained in full force and effect without amendment. A Swiss notary public authenticated Mr. Schreiber's signature, and also confirmed that Mr. Schreiber was registered in the Register of Commerce of the Canton of Zurich as secretary of the Board of Directors (not member) with the right to sign jointly by two for the Bank. The notary's standard verbiage involving the right to sign "jointly

by two" was a general statement regarding Mr. Schreiber's authority to act vis-à-vis third parties by entering into legal transactions on behalf of the Bank. Because Mr. Schreiber was acting in his capacity as corporate secretary to certify the substance of the resolution – and not acting on behalf of the Bank in executing the plea agreement itself – the "jointly by two" requirement was not implicated. The notary's statement in this regard did not apply to Mr. Schreiber's authority to sign the Limited Certificate of Corporate Resolution in his function as the corporate secretary. For those reasons, as discussed more fully below, the signature of Mr. Schreiber alone was sufficient to certify the results of the Board of Directors' meeting on May 18, 2014.

## BACKGROUND

On May 19, 2014, Credit Suisse entered a plea of guilty to a one-count Information charging the Bank with conspiring to aid and assist in the filing of false federal income tax returns and documents under 18 U.S.C. § 371. Credit Suisse entered the guilty plea pursuant to a plea agreement with the government, which was filed the same day. Annexed to the plea agreement was a two-page Limited Certificate of Corporate Resolution of Credit Suisse AG ("Resolution"), which evidenced the Board of Directors' authorization for the Bank to enter into the plea agreement and to plead guilty to the charge specified in the Information. To that end, the board authorized a managing director of Credit Suisse, Alan Reifenberg, to act on the Bank's behalf to execute the appropriate documents and appear at the plea proceeding to enter the guilty plea. Specifically, the Resolution stated as follows:

> RESOLVED: That the Board of Directors has reviewed the Information and the proposed plea agreement in the matter of the United States versus Credit Suisse AG; consulted with legal counsel in connection with this matter; and voted to enter into the proposed plea agreement and to authorize Credit Suisse AG to plead guilty to the charge specified in the Information; and that Alan Reifenberg, Managing Director of Credit Suisse AG, is hereby authorized to act on behalf of the Corporation, and in his sole discretion, to negotiate, approve, and make the offer of plea and settlement of Credit Suisse AG, attached hereto; in this connection, the aforementioned Officer is hereby authorized with sole signature to

> undertake such actions as he may deem necessary and advisable, including the execution of such documentation as may be required, in order to carry out the foregoing.

*See* Exhibit A, Credit Suisse AG Limited Certificate of Corporate Resolution dated May 20, 2014.

As evidence of the existence and substance of the Resolution, the Bank's corporate secretary, Mr. Schreiber, certified by his signature (1) that he was the duly elected, qualified and acting corporate secretary of the Bank, (2) that the Resolution was a complete and accurate copy of the Resolution adopted at the meeting on May 18, 2014, and (3) that the Resolution had not been amended or revoked in any respect, and remained in full force and effect. In this way, the Resolution authorized Mr. Reifenberg to represent the Bank vis-a-vis third-parties in connection with the plea proceedings. As corporate secretary, Mr. Schreiber certified the authenticity of this Resolution; the Resolution did not authorize Mr. Schreiber to act on behalf of the Bank in connection with the plea proceedings. Mr. Schreiber's signature was notarized by a Swiss notary public. The notarization stated, among other things, that Mr. Schreiber had been "entered in the Register of Commerce of the Canton of Zurich as secretary of the Board of Directors (not member) with the right to sign <u>jointly by two</u> for the Credit Suisse AG, a corporation with registered head office in Zurich." *See* Exhibit A at 2 (emphasis in original).

At the arraignment, this Court accepted the guilty plea conditionally, requiring the Bank to submit a resolution with corrected dates within 48 hours of the hearing. Credit Suisse complied with that requirement by filing an amended Resolution on May 20, 2014. Following the filing of the amended Resolution, this Court directed Credit Suisse to clarify the legal import and effect of the notary's verbiage regarding Mr. Schreiber's "right to sign jointly by two." *See* Order dated May 23, 2014, at 2 (Document 16).

# DISCUSSION

## I. THE CORPORATE SECRETARY'S SOLE SIGNATURE WAS SUFFICIENT TO CERTIFY THE SUBSTANCE OF THE RESOLUTION

The Resolution carried an official certification by a notary public of the Canton of Zurich, Switzerland. The notarization confirmed the authenticity of the signature and the identity of Mr. Schreiber, who signed the Resolution as corporate secretary. The notarization also confirmed that Mr. Schreiber was registered as secretary of the Board of Directors (not member), according to the Register of Commerce of the Canton of Zurich. By signing the Resolution, Mr. Schreiber was executing his corporate function as corporate secretary by confirming that the Board of Directors adopted the Resolution at the meeting held on May 18, 2014 (having been present when the Resolution was adopted), and that the Resolution remained in full force and effect, without amendment or revocation. In so doing, Mr. Schreiber did not execute his authority to act vis-à-vis third parties by entering into legal transactions on behalf of the Bank. Rather, he simply issued a confirmatory written statement in his function as the corporate secretary.

Under these circumstances, the notary public's standard language regarding the "right to sign <u>jointly by two</u> for" Credit Suisse was not applicable to the execution of Mr. Schreiber's responsibilities as corporate secretary. In addition to providing for the authentication of a person's signature and identity, § 178, ¶ 2 of the Ordinance of the Supreme Court of the Canton of Zurich on the Administration of Notary's Offices (*Verordnung des Obergerichtes über die Geschäftsführung der Notariate, Notariatsverordnung*[1]), provides that a notary's official certification may confirm a person's function as representative of a Swiss company <u>and</u> his or her signing authority to act in the name and on behalf of that company, as registered in the

---

[1] Compilation of cantonal laws of the Canton of Zurich, no. 242.2.

competent commercial register.[2] The signing authority recorded in the commercial register -- including any joint representation limitation -- relates exclusively to the authority to represent the company vis-à-vis third parties and to act in the name and on behalf of the company with regard to legal transactions (*rechtsgeschäftliches und rechtsgeschäftsähnliches Handeln*) through declarations of intent (*Willenserklärungen*), such as entering into agreements, giving notice of termination, and the like. Such signing authority, including any joint representation limitation, does not apply to real acts (*Realakte*) executed with legal effect for the company but not containing any declarations of intent (such as taking possession of an asset). Nor does it apply to confirmations issued by a registered signatory confirming certain acts or facts, such as the keeping of minutes or the issuance of other factual statements. In this case, it was Mr. Reifenberg – not Mr. Schreiber – whom the board authorized to act in the name and on behalf of the Bank in connection with the plea proceedings. Mr. Schreiber's role was limited to certifying the results of the board meeting in his capacity as the corporate secretary present at the meeting of the Board of Directors. In light of Mr. Schreiber's role of confirming the substance of the Resolution in his own name and capacity as corporate secretary, the signing authority registered with the commercial register and referenced in the notarization did not require a second signature.

---

[2] The commercial register is a public register that serves to establish and identify legal entities whose purpose is the registration and publication of legally relevant facts in relation to such legal entities (Article 1 of the Commercial Register Ordinance (*Handelsregisterverordnung*) Compilation of federal laws, no. SR 221.411. With the exception of correspondence, all data and documents submitted to the commercial register are available to the public. Excerpts of the commercial register are available via the web-based service of the central database of the Swiss Federal Register of Commerce (*Eidgenössisches Handelsregisteramt, EHRA*) as well as via the commercial register of the respective Canton in which a company is domiciled.

## **CONCLUSION**

For the reasons stated above, the sole signature of Mr. Schreiber alone was sufficient to certify the results of the Board of Directors' meeting on May 18, 2014. A second signature was not necessary to certify the results of the meeting.

Respectfully submitted,

/s/ Edmund P. Power
Christopher A. Wray, Esq. (*Pro Hac Vice*)
Andrew C. Hruska, Esq. (*Pro Hac Vice*)
Michael R. Pauzé, Esq. (*Pro Hac Vice*)
Edmund P. Power, Esq. (VSB # 65841)
KING & SPALDING LLP
1700 Pennsylvania Avenue
Washington, D.C. 20006
Direct Dial: (202) 626-5570
Direct Fax: (202) 626-3737
cwray@kslaw.com
ahruska@kslaw.com
mpauze@kslaw.com
epower@kslaw.com
Attorneys for Credit Suisse AG

June 6, 2014

June 6, 2014

# CERTIFICATE OF SERVICE

I hereby certify that on June 6, 2014 I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

> Mark Lytle
> Assistant United States Attorney
> U.S. Attorney's Office
> Eastern District of Virginia
> 2100 Jamieson Ave.
> Alexandria, VA 22314
> Mark.lytle@usdoj.gov

/s/ Edmund P. Power
Edmund P. Power, Esq.
Virginia Bar Number 65841
KING & SPALDING LLP
1700 Pennsylvania Avenue
Washington, D.C. 20006
Phone: (202) 737-626-0500
Fax: (202) 626-3737
epower@kslaw.com
Attorney for Credit Suisse AG