UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division



UNITED STATES OF AMERICA,

v.                                          ACTION NO. 1:14cr188

CREDIT SUISSE AG,

       Defendant.

MEMORANDUM ORDER

This matter comes before the court on two pro se motions filed by Timothy L. Blixseth ("Blixseth"), a nonparty to this case, concerning his potential participation in the sentencing hearing: the "Motion for Permission to Be Heard" ("Motion to Be Heard"), ECF No. 28, filed on August 8, 2014; and the "Motion for Restitution," ECF No. 34, filed on September 15, 2014.[1] For the reasons set forth below, Blixseth's Motion to be Heard is **DENIED** in part and **GRANTED** in part, and his Motion for Restitution is **DENIED**.

In his Motion to Be Heard, Blixseth contends that he is a "crime victim" under the Crime Victims' Rights Act of 2004 ("CVRA"), pursuant to 18 U.S.C. § 3771, and thus is entitled to

---

[1] Blixseth had previously filed a "Notice of Intent to Be Heard at Sentencing Hearing" ("Notice"), ECF No. 25, on July 18, 2014.

be heard at the sentencing.[2] The Defendant, Credit Suisse AG ("Credit Suisse"), filed its Opposition ("Opposition"), ECF No. 29, on August 19, 2014, in which it argues that Blixseth has no connection to this case and, therefore, has no right to be heard. The United States filed its Response ("Response"), ECF No. 30, on August 19, 2014, in which it argues that the court is not required to hear from Blixseth at the sentencing. Blixseth filed a Response ("Reply"), ECF No. 31, on August 27, 2014, reiterating the same arguments as in his original Notice and Motion to Be Heard. Blixseth then filed a Motion for Restitution, claiming that he is a victim of Credit Suisse's crimes, and, therefore, he is entitled to receive restitution from Credit Suisse before the United States does.

## I. Factual and Procedural History

On May 19, 2014, Credit Suisse pled guilty to conspiring to the aiding, assisting, procuring, counseling, and advising of the preparation and presentation of false income tax returns to the Internal Revenue Service ("IRS") of the Treasury Department, in violation of 26 U.S.C. § 7206(a) and 18 U.S.C. § 371. Plea Agreement at 1, ECF No. 13. The Plea Agreement was entered into pursuant to Rule 11(c)(1)(C), and, therefore, is binding on this

---

[2] Although Blixseth references the Victims' Protection Act of 1984, the right of victims to be heard at sentencing is found in the CVRA and Federal Rules of Criminal Procedure 32(i)(4)(B) and 60(a)(3).

2

court.[3] Fed. R. Crim. P. 11(c)(1)(C). Credit Suisse admitted to having "operated an illegal cross-border banking business that knowingly and willfully aided and assisted thousands of U.S. clients in opening and maintaining undeclared accounts and concealing their offshore assets and income from the IRS." Statement of Facts at 2-3, ECF No. 14. As part of its Plea Agreement, Credit Suisse admitted to using "sham entities" to aid and assist United States clients in evading their income taxes. Id. at 5. Credit Suisse agreed to pay a two billion dollar ($2,000,000,000) resolution to the United States. Plea Agreement at 4. $1,333,500,000 of this is in the form of a fine, less money already paid by Credit Suisse to the United States Securities and Exchange Commission in a related proceeding, and the remaining $666,500,000 is a restitution award to be paid to the IRS. Id. at 5.

---

[3] At this point, the court has only conditionally accepted Credit Suisse's guilty plea. When the guilty plea was entered on May 19, 2014, the court noted "inconsistencies between the date of the signature of the corporate secretary, Pierre Schreiber, and the date of notarization, and, moreover, that no date was entered for the meeting held by the Defendant's board of directors to pass the resolution." Order of May 23, 2014, at 1, ECF No. 16. After Credit Suisse filed an Amended Resolution on May 20, 2014, ECF No. 15, the court asked Credit Suisse to verify Mr. Schreiber's authority to sign on behalf of the board of directors. Order of May 23, 2014, at 2. On June 6, 2014, Credit Suisse properly responded that Mr. Schreiber had the authority to "certify the substance of the resolution" in his capacity as the corporate secretary. Memo Regarding Board of Directors Resolution, ECF No. 20. Mr. Schreiber's authority is unchallenged by any interested party, and is accepted by this court.

The Credit Suisse sentencing is currently scheduled for November 21, 2014, in Norfolk, Virginia. Blixseth is claiming a right to be heard at the sentencing as a "crime victim" under the CVRA, as well as a right to restitution under the CVRA, the Victim and Witness Protection Act of 1982 ("VWPA"), and other statutes. The issues presented by the instant motions are whether Blixseth is either a "crime victim" under the CVRA or a "victim" under the VWPA, and, if not, whether this court will allow Blixseth to be heard at sentencing despite his status as a nonvictim.

In his Notice, Blixseth claims generally to be "a victim of Credit Suisse's conduct in this country." Notice at 1. In support, he argues that he "was harmed by the Defendant's illegal U.S. cross-border business," specifically alleging that "Credit Suisse harmed me by luring me into a lending scheme that I did not know violated the Uniform Standards of Professional Appraisal Practice (USPAP) and the Financial Institution Reform, Recovery, and Enforcement Act (FIRREA)." Id. Blixseth claims to "have a pending cause of action against the Defendant in federal district court in Denver." Id. He also attached a letter filed in federal district court in Idaho in September 2011, which claims that Credit Suisse used "fraudulent appraisal

4

methodology" that caused him substantial financial harm.[4] Notice Attach. at 4, ECF No. 25-1.

Credit Suisse argues that this court should deny Blixseth's Motion to Be Heard because Blixseth's complaint with Credit Suisse relates to a commercial real estate transaction that "lacks any connection to this case." Opp'n at 1. Credit Suisse further argues that "[t]o qualify as a victim in this case, Blixseth therefore must demonstrate that the conduct underlying the offense of conviction was the direct and proximate cause of his complaint." Id. at 2. Credit Suisse concludes that "Blixseth is not a victim of the offense for which the Bank is being sentenced, and therefore has no right to be heard at sentencing." Id.

The United States agrees with Credit Suisse that "Mr. Blixseth is unable to establish that he is a victim of the tax scheme for which Credit Suisse AG is being sentenced." Resp. at 2. Thus, because there is no connection between the harm that Blixseth alleges and Credit Suisse's tax scheme, "the government does not believe that the Court is required to hear from Mr. Blixseth at the Credit Suisse AG sentencing." Id. at 1-2.

---

[4] It appears that Blixseth and Credit Suisse have also been adversaries in a bankruptcy proceeding in the District of Montana. In re Yellowstone Mountain Club, LLC, 2010 WL 605735 (Bankr. D. Mont. Feb. 17, 2010).

In his Reply, Blixseth further argues that he is a "crime victim" because Credit Suisse harmed him "by means of using the same sham offshore entities" to defraud him that it used to violate 26 U.S.C. § 7206(a). Reply at 1. He further asserts that, at a minimum, he is entitled to be heard "for no other reason other than being an American citizen." Id.

In his Motion for Restitution, Blixseth argues that, because he is a victim, he is entitled to receive restitution before the IRS does in this case. Mot. for Restitution at 3-5. He asserts that this right exists by means of the CVRA, 18 U.S.C. § 3771(a)(6); the VWPA, 18 U.S.C. § 3663(a); the Victims' Rights and Restitution Act ("VRRA"), 42 U.S.C. § 10607; and 18 U.S.C. §§ 3572, 3664.[5] Id. at 1.

## II. Discussion

The VWPA was enacted in 1982 to "reflect Congress' goal of ensuring 'that Federal crime victims receive the fullest

---

[5] The VRRA, and 18 U.S.C. §§ 3572, 3664 are procedural statutes that are inapplicable if this court finds that Blixseth does not have a right to restitution. 42 U.S.C. § 10607(c)(1)(B) ("A responsible official shall . . . inform a victim of any restitution or other relief to which the victim may be entitled under this or any other law and manner in which such relief may be obtained."); 18 U.S.C. § 3572(b) (describing how a court's imposition of a fine should not "impair the ability of the defendant to make restitution"); 18 U.S.C. § 3664 ("Procedure for issuance and enforcement of order and restitution"). Because this court finds that Blixseth has no right to restitution in this case, see infra Part III, these statutes are inapplicable to his claims.

6

possible restitution from criminal wrongdoers.'" <u>Hughey v. United States</u>, 495 U.S. 411, 420 (1990) (quoting 128 Cong. Rec. 27391 (1982) (remarks of Rep. Roldino)). The CVRA, enacted in 2004, provides further rights in order to "protect victims and guarantee them some involvement in the criminal justice process." <u>United States v. Moussaoui</u>, 483 F.3d 220, 234 (4th Cir. 2007). Specifically among those rights are "the right to be reasonably heard at any public proceeding in the district court involving release, plea, <u>sentencing</u>, or any parole proceeding,"[6] 18 U.S.C. § 3771(a)(4) (emphasis added), and "the right to full and timely restitution as provided in law." <u>Id.</u> § 3771(a)(6).

The rights provided for in the VWPA and the CVRA attach only if the claimant is a "victim" under the VWPA, 18 U.S.C. § 3663(a)(2), or a "crime victim" under the CVRA. 18 U.S.C. § 3771(e). The definitional language in these statutes is nearly identical, with the VWPA defining a "victim" as "a person directly and proximately harmed as a result of the commission of an offense for which restitution may be ordered," 18 U.S.C. § 3663(a)(2), and with the CVRA defining a "crime victim" as "a

---

[6] The right to be heard at sentencing is further provided for in Federal Rules of Criminal Procedure 32(i)(4)(B) and 60(a)(3). Because Federal Rule of Criminal Procedure 1(b)(12) defines "victim" as a "crime victim" for purposes of the CVRA, the analysis of the CVRA's definition will suffice to apply to any issue raised by the Federal Rules of Criminal Procedure.

7

person directly and proximately harmed as a result of a Federal offense or an offense in the District of Columbia." 18 U.S.C. § 3771(e). Neither the United States Supreme Court nor the Court of Appeals for the Fourth Circuit has interpreted the definition of a "crime victim" under the CVRA; however, both have addressed cases concerning the VWPA's definition of a "victim." See Hughey, 495 U.S. at 419 (holding that the VWPA did not allow "a court to order a defendant who is . . . convicted of only one offense to make restitution for losses related to the other alleged offenses"); United States v. Blake, 81 F.3d 498, 506-07 (4th Cir. 1996) ("[T]he definition of 'victim' includes any person directly harmed by the defendant's criminal conduct.").

Other federal courts of appeals throughout the United States have held that, given the similarity between the statutory text of the CVRA and the VWPA, a "victim" under the VWPA is the same as a "crime victim" under the CVRA. See In re McNulty, 597 F.3d 344, 350 (6th Cir. 2010) ("[W]e find our case law construing the VWPA and the MVRA persuasive, both for how the CVRA is to be interpreted procedurally and for when an individual qualifies as a victim of a conspiracy.");[7] In re

---

[7] The MVRA is the Mandatory Victim Restitution Act of 1996, which contains the exact same language defining "victim" as the VWPA. Compare 18 U.S.C. § 3663A(a)(2) (MVRA), with 18 U.S.C. § 3663(a)(2) (VWPA). The Fourth Circuit interprets "victim" under the VWPA and the MRVA as having the same definition. United States v. Adelbary, 746 F.3d 570, 578 (4th Cir. 2014).

8

Rendon Galvis, 564 F.3d 170, 173 (2d Cir. 2009) (determining that a claimant was not a victim under both the CVRA and VWPA by using the same analysis for both statutes). In fact, one of the chief co-sponsors of the CVRA, Senator Jon Kyl, coauthored a law review article on the topic that asserts that "[t]he CVRA's definition of a crime victim is based on the [VWPA and MVRA]." The Honorable Jon Kyl et al., On the Wings of Their Angels: The Scott Campbell, Stephanie Roper, Wendy Preston, Louarna Gillis, and Nila Lynn Crime Victims' Rights Act, 9 Lewis & Clark L. Rev. 581, 594 & n.65 (2005). Other district courts within the Fourth Circuit have adopted this approach as well. See United States v. Sharp, 463 F. Supp. 2d 556, 563 (E.D. Va. 2006) (borrowing the "conduct underlying an element of the offense of conviction" definition from the VWPA and the MVRA, and applying it to the CVRA); see also United States v. Warwick, No. WDQ-11-0167, 2011 WL 4527285, at *2 n.1 (D. Md. Sept. 26, 2011) (noting that when defining a "crime victim" under the CVRA, the Fourth Circuit's interpretations of "victims" under the MVRA and the VWPA were persuasive, albeit not controlling authority). This court will also apply the same analysis to the definitions of "victim" and "crime victim."

The "direct[] and proximate[] harm[]" elements require that the conduct underlying at least one of the elements of the offense must be a but-for cause of the "crime victim's" harm,

9

and the harm must be "a reasonably foreseeable consequence of the criminal conduct." In re Fisher, 640 F.3d 645, 648 (5th Cir. 2011); see also In re Rendon Galvis, 564 F.3d at 175 (noting the "direct and proximate harm" requirement is analogous to the "but for" and "proximate cause" analyses used in tort law).

The "direct" harm element "requires that the harm to the victim be <u>closely</u> <u>related</u> to the conduct inherent to the offense, <u>rather</u> <u>than</u> merely <u>tangentially</u> <u>linked</u>." In re McNulty, 597 F.3d at 352 (emphasis added). The harm to the victim must have been "'caused by the specific conduct that is the basis of' the defendant's offense of conviction." United States v. Freeman, 741 F.3d 426, 435 (4th Cir. 2014) (quoting Hughey, 495 U.S. at 413). Although victims need not be "the target of the crime," a party may nonetheless qualify as a victim if "it suffers harm as a result of the crime's commission." In re Stewart, 552 F.3d 1285, 1289 (11th Cir. 2008); United States v. Washington, 434 F.3d 1265, 1268 (11th Cir. 2006) (finding that having property damaged during the escape from a bank robbery qualifies one as a victim).

In order to satisfy the "proximate[] harm[]" element, the injury suffered by the individual must have been a foreseeable consequence of the crime of conviction. In re McNulty, 597 F.3d at 352. A person will not qualify as a "crime victim" merely

10

because he suffers harm at the hands of the defendant, even if such harm qualifies as a separate crime. Id. (holding that an employee who was fired for not participating in an antitrust conspiracy is not a "crime victim" because these actions are not "inherent in the crime of conspiracy to violate antitrust laws" to which the defendant pled guilty). Although a person seeking to assert victimhood status may believe that a defendant should have been charged with an additional or different crime, the CVRA clearly states that "nothing in this [statute] shall be construed to impair the prosecutorial discretion" of the United States." 18 U.S.C. § 3771(d)(6).[8]

A recent decision by the Court of Appeals for the Fourth Circuit is very similar to the case at bar. In United States v. Freeman, 741 F.3d 426, 427 (4th Cir. 2014), the court held that restitution was inappropriate in a case where the defendant was convicted of obstructing federal bankruptcy proceedings and the purported victims allegedly suffered losses arising out of a loan. Restitution was not available because the crime of conviction was the obstruction of the bankruptcy proceeding; the defendant had not been charged or convicted for conduct arising out of the loan. Id.

---

[8] Similarly, the VWPA does not give a "victim" the right to demand a criminal trial, as it is applicable only at the sentencing stage. 18 U.S.C. § 3663(a)(1)(A).

11

Likewise, Blixseth does not qualify as a "crime victim" under the CVRA or as a "victim" under the VWPA, because he is not "a person directly and proximately harmed as a result of the commission of [tax fraud]." 18 U.S.C. §§ 3663, 3771(e). The conduct underlying Credit Suisse's guilty plea <u>in this case</u> relates to conspiring to defraud the IRS by helping its clients file false tax returns. The harm alleged by Blixseth relates to a particular commercial transaction between private parties. Blixseth's dispute concerns the bank loan process, not false income tax returns; just as in <u>Freeman</u>, the purported victims' harm related to a loan, not the charged offense of obstruction of bankruptcy proceedings. Although Credit Suisse allegedly used the same "sham entities" to defraud the IRS and Blixseth, the alleged harm is too attenuated from the offense of conviction. <u>See, e.g.</u>, <u>In re Rendon Galvis</u>, 564 F.3d at 175 (requiring a sufficient nexus between the harm suffered and the criminal charge). Credit Suisse's actions in conspiring to defraud the IRS are neither the but-for cause nor the proximate cause of Blixseth's harm. <u>See</u> <u>In re McNulty</u>, 597 F.3d at 352. Consequently, Blixseth is not a "crime victim" under the CRVA or a "victim" under the VWPA such that he has <u>a right to be heard</u> at sentencing <u>or a right to restitution</u>.

However, a district court has broad discretion to hear testimony from any person, even one whom it is not statutorily

12

<u>required</u> to hear. 18 U.S.C. § 3661 ("No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence."); <u>Roberts v. United States</u>, 445 U.S. 552, 556 (1980) ("We reaffirm[] the fundamental sentencing principle that a judge may appropriately conduct an inquiry broad in scope, largely unlimited either as to the kind of information he may consider, or the source from which it may come."); <u>United States v. Spiwak</u>, 377 F. App'x 319, 323 (4th Cir. 2010) (holding that the claimant was not a victim, but the district court did not abuse its discretion in allowing the claimant to testify at sentencing given the language of § 3661).

### III. Conclusion

For the foregoing reasons, this court **DENIES** Blixseth's claim of victimhood status, and **DENIES** any claim to restitution in this case. The court, in its discretion, will nonetheless **GRANT** Blixseth an opportunity to be heard. This opportunity to be heard will be limited, at this juncture, to a written submission. If Blixseth decides to attend the Credit Suisse sentencing, he will not be given the opportunity to be heard further, unless the court explicitly permits him to do so after reviewing his written submission, any response by Credit Suisse and the United States, and any reply by Blixseth. Any

13

submissions in this regard by Blixseth or the parties will be considered by the court and be made part of the public record of this case.

Blixseth is **ADVISED** that if he wishes to be heard, he must submit his views to the court <u>in writing</u> on or before October 15, 2014. Any response by Credit Suisse and the United States is due by October 19, 2014, and any reply by Blixseth is due by November 10, 2014.

The Clerk is **DIRECTED** to forward a copy of this Memorandum Order to Blixseth, counsel for the Defendant, and the United States Attorney at Alexandria.

IT IS SO ORDERED.

                                              /s/
                            Rebecca Beach Smith
                                 Chief
                        United States District Judge

REBECCA BEACH SMITH
CHIEF UNITED STATES DISTRICT JUDGE

September 29, 2014