**ORIGINAL**

Robert C. Huntley ISB#894
The HUNTLEY LAW FIRM PLLC
815 W. Washington Street
P.O. Box 2188
Boise, Idaho 83701
Telephone: 208-388-1230
Facsimile: 208-388-0234
rhuntley@huntleylaw.com



FILED
MAILROOM

NOV 1 2 2014

Attorney for Sixty-Four Plaintiffs in Pending Idaho Federal
Court Case and 2,220 other Putative Class Members

# IN THE UNITED STATES DISTRICT COURT FOR THE

# EASTERN DISTRICT OF VIRGINIA, ALEXANDRIA DIVISION

| | |
|---|---|
| THE UNITED STATES OF AMERICA, ) ) Plaintiff, ) ) vs. ) ) ) ) CREDIT SUISSE AG, ) ) Defendant. ) ) | CRIMINAL NO. 1:14-CR-188 Petition for Leave To Appear By This Memorandum And Motion for Restitution By Plaintiffs in Idaho Litigation vs. Credit Suisse |

Petitioners, by and through counsel Robert C. Huntley, being certain of the sixty-four Plaintiffs in a consolidation of *Barker v. Credit Suisse et al.*, and *Cushman & Wakefield* and *Gibson et al. v.* the same Defendants in the Federal District Court for the District of Idaho, Civil Case No. 1:14-cv-00036-JLQ, respectfully request leave to appear via this Petition, without personal appearance, in the sentencing proceedings herein now scheduled for November 21, 2014.

A copy of the Fourth Amended Complaint[1] in the pending consolidation is filed herewith as Appendix A.

This filing is pursuant to "The Crime Victim's Rights Act," Title 18 U.S.C. Section 3771 and FRCP 60(a)(3).

Petitioners have collectively suffered damages of approximately **$89 Million**[2] (an average of **$1.391 Million** per family or business unit) by virtue of the conduct of the Credit Suisse Defendants, operating in conjunction with the appraisal firm of Cushman & Wakefield, in perpetration of an appraisal methodology which improperly, and in violation of FIRREA and USPAP[3], inflated values in the magnitude of two-and-one-half to three times, all of which directly resulted in the bankruptcies of the four Master Planned Communities (hereinafter "MPCs") of Tamarack in Idaho, Yellowstone Club in Montana, Lake Las Vegas in Nevada and Ginn sur Mer in the Bahamas and the bankruptcy or insolvency of approximately fourteen other MPCs in the United States.

Counsel for Petitioners became aware in 2011 of a criminal investigation lead by Katherine Ho, Esq., Assistant U.S. Attorney for the Central District of Florida, Orlando

---

[1] The Fourth Amended Complaint is pending ruling on motion to consolidate *Barker, supra,* with *Gibson v. Credit Suisse et al. and Cushman & Wakefield,* Civil No. 1:10-cv-00001-JLQ in the United States District Court for the District of Idaho. The consolidated Complaint has been filed with permission of the Court, subject to the objection of the Defendants. A motion to reinstate class action status is pending for 2,220 putative class members. Petitioner Huntley is one of five attorneys representing the Plaintiffs in Gibson.

[2] Had class action been certified in *Gibson*, there would have been approximately 2,284 putative class members and the present status is that the rights of only sixty-nine have been preserved by the court filings to date.

[3] Financial Institutions Reform, Recovery, and Enforcement Act of 1989 and Uniform Standards of Professional Appraisal Practice

Petition for Restitution by Plaintiffs in *Gibson et al. v. Credit Suisse* - 2

Division, being conducted relative to the predatory lending and violation of state and federal laws by Credit Suisse in marketing loans ("credit facilities") to Master Planned Communities throughout the United States and especially those involving Ginn sur Mer in the Bahamas and other Ginn properties in Florida.

Petitioners' attorneys also became aware of negotiations between the Department of Justice and Swiss authorities relative to various matters and became concerned that the Department of Justice would enter into a settlement which did not include the claims of Petitioners, then a putative class of approximately 2,284 persons or entities who had purchased properties in the four MPCs represented by counsel, that is, Ginn sur Mer in the Bahamas, Lake Las Vegas in Nevada, Yellowstone Club in Montana and Tamarack in Idaho. The damages to the **2,284 putative class members** is approximately **$2.2 Billion**.

Accordingly, under date of September 6, 2011 Plaintiffs counsel forwarded the eight page letter (attached hereto as Appendix B) to the U.S. Attorney for the Central District of Florida, the Honorable Robert C. O'Neill and Assistant U.S. Attorney, Katherine Ho, with a copy to Eric Holder, Esq., of the United States Department of Justice, in which letter we requested that the Department of Justice protect the rights of the Petitioners under the following listed acts:

Federal Witness Protection Act of 1982
The Crime Control Act of 1990
Violent Crime and Law Enforcement Act of 1994
Justice for All Act of 2004

The Notice, Appendix B hereto, was forwarded because Petitioners counsel became concerned that the DOJ would not protect Petitioners in their negotiations with Credit Suisse. That concern came to fruition when the DOJ later ordered the United States Attorney for the Central District of Florida and Katherine Ho to cease their

Petition for Restitution by Plaintiffs in *Gibson et al. v. Credit Suisse* - 3

investigation and impending indictment, with Katherine Ho then being transferred to other assignments.

Petitioners herein are victims of the same basic scheme/cross-borders dealings through a **shell Cayman Islands branch (P.O. box only)** as utilized by Credit Suisse to avoid application of U.S. banking law oversight and regulation as was utilized in support of the illegal activities which are the subject of the Information before this Court.

Credit Suisse perpetrated its scheme to provide appraisals through Cushman & Wakefield which did not comply with FIRREA and USPAP by a "bait and switch" maneuver. That is, all negotiations for the loans to the MPCs were through Credit Suisse First Boston or through its successor Credit Suisse Securities (USA), LLC through their New York or California offices and then, at the last minute, when the closing documents were being signed, they were executed by the shell **"Credit Suisse, Cayman Island Branch."**

Petitioners are informed, and believe it to be the fact, that the loaned funds did not come from a bank in the Cayman Islands. The loan payments and fees were paid by the Developers of the MPCs at a correspondent New York bank. Credit Suisse syndicated the Loans, with the purchasers of the syndicated shares having deposited their purchase monies in Credit Suisse affiliated entities NOT physically located in the Cayman Islands.

In a recent deposition of a Credit Suisse officer, Jeremy Rogers, whose location at the time of the loan transactions was in the Los Angeles office of Credit Suisse, the disclosure was made that some of the monies for the purchase of $5 Million segments of the mortgage obligations sold by Credit Suisse were deposited in a bank correspondent with Credit Suisse, that is, Bank of New York, Mellon pending completion of the

syndication transaction.

Petitioners seek restitution for their damages as well as their costs and attorney fees and such other and further relief as may be appropriate.

Further, the Petitioners are all citizens or residents of the United States who are taxpayers, both federally, state and local. Petitioners protest that section of the proposed criminal settlement which excuses Credit Suisse from revealing the names of the thousands of taxpayers. Their failure to pay taxes justly due throws an additional burden of supporting governmental services, both Federal, State, and Local, on the backs of remaining taxpayers throughout the nation who are their fellow citizens.

Defendant Credit Suisse used the same shell offshore entities as their "get away vehicle" as they have admitted they did in this criminal case.

While some of the laws that were broken to the detriment of the sixty-four Petitioners may be on different sets of books and statutes than the count to which Credit Suisse pled guilty. Credit Suisse violated both tax laws and FIRREA to the detriment of The United States of America as well the Victim Petitioners herein.

**Relief Sought**

Petitioners request leave to have this Petition considered by this Court and that they be granted restitution and such other and further relief as may be appropriate under these proceedings.

Alternatively, in the event this Court determines that the Petitioners do not meet the definition of "victims" under the current plea agreement, Petitioners request that the current agreement be rejected unless expanded to cover restitution for the losses to the Petitioners herein, including the additional 2,220 putative class members.

Petitioners attach hereto as Appendix C a summary of the history of violations of United States law for which Credit Suisse has been convicted in the past.

Respectfully submitted this 11th day of November, 2014.

_____
Robert C. Huntley
Of Counsel for Petitioners

## CERTIFICATE OF SERVICE

I hereby certify that on the 11th day of November, 2014, I filed the foregoing Petition and its three appendices in hard copy via overnight Fed Ex to the Clerk of the Court and that I served the following attorneys for the Department of Justice and for Credit Suisse by email as follows:

**For DOJ:**

Mark Lytle
Assistant United States Attorney
U.S. Attorney's Office, Eastern District of Virginia
2100 Jamieson Ave.
Alexandria, VA 22314
mark.lytle@usdoj.gov

**For Credit Suisse:**

Edmund P. Power, Esq.
Andrew C. Hruska, Esq.
Michael R. Pauzé, Esq.
Christopher A. Wray
KING & SPALDING LLP
1700 Pennsylvania Ave, NW
Washington, D.C. 2006
Direct Dial: (202) 626-5570
Direct Facsimile: (202) 626-3737
cwray@kslaw.com
ahruska@kslaw.com
mpauze@kslaw.com
epower@kslaw.com

_____
Robert C. Huntley